UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JOSEPH DAVIS,                         :
                                      :
          Plaintiff                   : No. 4:CV-07-1682
                                      :
     vs.                              : (Complaint Filed 09/14/07)
                                      :
                                      : (Judge Muir)
LACKAWANNA COUNTY PRISON              :
BOARD, et al.,                        :
                                      :
          Defendants                  :

**MEMORANDUM AND ORDER**

March 31, 2010

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Plaintiff, Joseph Davis, an inmate formerly confined in the
Lackawanna County Prison, Scranton, Pennsylvania[1], filed this
civil rights action pursuant to 42 U.S.C. § 1983.  The named
defendants are the Lackawanna County Prison Board, and the
following Lackawanna County Prison employees: Captain Frank
Chiarelli, Warden Janine Donate, and Deputy Warden Tim Betti.
Plaintiff complains that defendants failed to protect him from
assault by another inmate.  (Doc. 1, complaint).

---

1.  Petitioner is currently confined in State Correctional
Institution, Houtzdale, Pennsylvania.

Presently pending before the Court is defendants' motion for summary judgment. (Doc. 49). The motion is fully briefed, and is ripe for disposition. For the reasons set forth below, the motion will be granted.

## I.    **Summary Judgment**

Federal Rule of Civil Procedure 56(c) requires the court to render summary judgment " . . . forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original).

A disputed fact is "material" if proof of its existence or nonexistence would affect the outcome of the case under applicable substantive law. Anderson, 477 U.S. at 248; Gray v. York Newspapers, Inc., 957 F.2d 1070, 1078 (3d Cir. 1992). An

issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  Anderson, 477 U.S. at 257; Brenner v. Local 514, United Brotherhood of Carpenters and Joiners of America, 927 F.2d 1283, 1287-88 (3d Cir. 1991).

When determining whether there is a genuine issue of material fact, the court must view the facts and all reasonable inferences in favor of the nonmoving party. Moore v. Tartler, 986 F.2d 682 (3d Cir. 1993); Clement v. Consolidated Rail Corporation, 963 F.2d 599, 600 (3d Cir. 1992); White v. Westinghouse Electric Company, 862 F.2d 56, 59 (3d Cir. 1988). In order to avoid summary judgment, however, the nonmoving party may not rest on the unsubstantiated allegations of his or her pleadings.    When the party seeking summary judgment satisfies its burden under Rule 56(c) of identifying evidence which demonstrates the absence of a genuine issue of material fact, the nonmoving party is required by Rule 56(e) to go beyond the pleadings with affidavits, depositions, answers to interrogatories or the like in order to demonstrate specific material facts which give rise to a genuine issue. Celotex Corporation v. Catrett, 477 U.S. 317, 324 (1986).    The party

opposing the motion "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Electric Industrial Co. v. Zenith Radio, 475 U.S. 574, 586 (1986). When Rule 56(e) shifts the burden of production to the nonmoving party, that party must produce evidence to show the existence of every element essential to its case which it bears the burden of proving at trial, for "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 323. See Harter v. G.A.F. Corp., 967 F.2d 846, 851 (3d Cir. 1992).

## II. **Statement of Facts**

Plaintiff was placed in the Lackawanna County Prison after being charged with simple assault and a probation violation. (Doc. 57, Affidavit of Janine Donate, Lackawanna County Prison Warden, at ¶ 9). Also housed in the Lackawanna County Prison at the time plaintiff was admitted, was inmate Thomas Meyers, plaintiff's co-defendant. Id.

On January 26, 2007, Plaintiff was transferred to the Luzerne County Correctional Facility pursuant to the Lackawanna County Prison's recommendation that plaintiff be kept "in a

higher security area" due to the fact that Lackawanna County officials believed plaintiff and his co-defendant needed to be separated. (Id. at ¶ 4, and Doc. 41, Ex. C, Inmate Request Form). Thus, plaintiff was placed in the Restricted Housing Unit ("RHU") of the Luzerne County Correctional Facility. Id.

On May 22, 2007, plaintiff was returned to the Lackawanna County Prison and placed in Administrative Segregation. (Doc. 57, Ex. A, Administrative Segregation Order). The Segregation Order stated that plaintiff was to be admitted to Administrative Segregation based on the following:

> Since a serious threat exists to individual's safety as perceived by staff, although the person has not requested admission; referral of the necessary information will be forwarded to the Assistant Warden of Treatment for appropriate hearing.

Id. Plaintiff was placed in segregation because there was a concern that Plaintiff and his co-defendant Thomas Meyers might have a confrontation. Id.

On May 29, 2007, plaintiff's co-defendant, Thomas Meyers, was released from the Lackawanna County Prison, and plaintiff was released into General Population. Id.

Although there is no authenticating document of record, Warden Donate states in her affidavit that plaintiff was

subsequently returned to Administrative Segregation.  (Doc. 57,

Donate Affidavit at ¶ 6).  Plaintiff states that he requested

"to be recommitted into segregation due to having been harassed

and threatened in G.P. on the Max Block."    (Doc. 60,

Plaintiff's opposition to Donate's Supplemental Affidavit).

that

   On July 9, 2007, plaintiff was assaulted by an unknown

assailant.  (Doc. 31. Ex. A, Dispensary Card).  Specifically,

plaintiff states that he was "washing [his] shirt in the sink,

[he] felt something on [his] back, reached to [his] back and

there was blood."  Id.  Plaintiff had a large superficial slash

from the middle of his right shoulder blade "in a backwards C-

shape mark area."  Id.    The area was cleaned, Betadine was

applied and twenty-eight (28) Steristrips were placed on

plaintiff's back.  Id.  Plaintiff was then moved to the medical

wing and was continued to be monitored.  Id.  Plaintiff was

subsequently returned to Administrative Custody.

   On September 14, 2007, plaintiff filed the instant action,

alleging that "had [defendants] been doing their jobs and

enforcing institutional policy and procedure, [he] would not

6

have been assaulted." (Doc. 1, complaint). For relief, plaintiff seeks compensatory and punitive damages. Id.

**III.   Discussion**

Plaintiff raises an Eighth Amendment failure to protect claim premised upon his claim that "an inmate was let come into contact with a razor and assault plaintiff." (Doc. 41). With respect to this claim, plaintiff has the burden to show that defendant knew of, and disregarded, an excessive risk to his health or safety. Beers-Capitol v. Whetzel, 256 F.3d 120, 133 (3d Cir.2001) (citing Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)). "The official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." Farmer, 511 U.S. at 836, 114 S.Ct. 1970. The deliberate indifference standard is not satisfied by either negligence or constructive notice. Farmer, 511 U.S. at 841, 114 S.Ct. 1970.

The knowledge requirement is subjective, "meaning that the official must actually be aware of the existence of the excessive risk; it is not sufficient that the official should have been aware." Id.; see also Hamilton v. Leavy, 117 F.3d 742

7

(3d Cir.1997). In order to survive defendant's summary judgment motion, plaintiff must produce sufficient evidence supporting the inference that defendants "knowingly and unreasonably disregarded an objectively intolerable risk of harm." Beers-Capitol, 256 F.3d at 132 (internal citation and quotation omitted); Natale v. Camden County Corr. Facility, 318 F.3d 575, 582 (3d Cir.2003). Knowledge may be shown where the official has actual notice of the risk, Nami v. Fauver, 82 F.3d 63, 67-68 (3d Cir.1996), or where the risk was "longstanding, pervasive, well-documented, or expressly noted by prison officials in the past, and the circumstances suggest that the defendant-official being sued had been exposed to information concerning the risk and thus must have known about it." Farmer, 511 U.S. at 842, 114 S.Ct. 1970. An inmate "normally proves actual knowledge of impending harm by showing that he complained to prison officials about a specific threat to his safety." Pope v. Shafer, 86 F.3d 90, 92 (7th Cir.1996).

A risk is substantial when an inmate is threatened by another inmate with "known 'propensities' of violence toward" a particular class of people. Brown v. Budz, 398 F.3d 904, 909 (7th Cir.2005)."[I]n order to infer callous indifference when

an official fails to protect a prisoner form the risk of attack, there must be a 'strong likelihood' rather than a 'mere possibility' that violence will occur." <u>Pinkston v. Madry</u>, 440 F.3d 879, 889 (7th Cir.2006).

Plaintiff argues that defendants were aware of his substantial risk of attack, but that defendants disregarded it. He contends that defendants failed to protect him when they failed to follow the procedures of making sure "all property is taken and searched, as well as personal razors confiscated for security reasons" and for failing to follow the policy of handcuffing an inmate on Administrative Custody when escorting him "to and from any and all destinations." (Doc.

The question in the instant case is whether defendants were on notice that plaintiff allegedly faced a substantial risk of being assaulted and deliberately disregarded that risk. Defendants argue that the facts do not support a showing that they were aware of a substantial risk of harm to plaintiff and disregarded the risk. The record supports defendants argument.

After being released to General Population on May 29, 2007, plaintiff was returned to Administrative Segregation. Although the record does not contain the original segregation order,

plaintiff states that it was he who requested to be recommitted. (Doc. 60 at p. 2). Thus, it is apparent, that defendants were on notice that plaintiff was having problems in General Population and, to accommodate plaintiff's security, the defendants moved plaintiff to Administrative Segregation. There is no indication in the record that plaintiff was at risk in Administrative Segregation and put defendants on notice of such risk. Thus, plaintiff's failure to protect claim fails because he has not established deliberate indifference on the part of defendants. The record does not indicate that, at any time while housed in Administrative Segregation, plaintiff complained to defendants about a specific threat that an inmate intended to injure him. Thus, at no time while plaintiff was housed in Administrative Segregation, did defendants believe there was a substantial threat to plaintiff.

At most, defendants' action constitutes negligence. Negligence, however, is insufficient to impose liability: "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." Farmer, 511 U.S. at 838, 114 S.Ct.

10

1970. Defendants did not believe that plaintiff was subject to a substantial threat and nothing in the record suggests that defendant knew of, or condoned, the attack. As such, "negligent failure to protect an inmate from an attack by another inmate does not justify liability under 42 U.S.C. § 1983." Dawud v. Talasnik, No. 04-1015, 2005 U .S. Dist. LEXIS 16605, at *11 (D.N.J. Aug. 4, 2005) (citing Davidson v. Cannon, 474 U.S. 344, 347-348, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986)).

A reasonable factfinder could not conclude that defendants acted with deliberate indifference to plaintiff's safety. Therefore, the Court will grant defendant's motion for summary judgment.

An appropriate Order accompanies this Memorandum Opinion.


s/Malcolm Muir
MUIR
United States District Judge

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JOSEPH DAVIS,                          :
                                       :
        Plaintiff                      : No. 4:CV-07-1682
                                       :
    vs.                                : (Complaint Filed 09/14/07)
                                       :
                                       : (Judge Muir)
LACKAWANNA COUNTY PRISON               :
BOARD, et al.,                         :
                                       :
        Defendants                     :

**ORDER**

March 31, 2010

For the reasons set forth in the accompanying Memorandum,

**IT IS HEREBY ORDERED THAT:**

1.  Defendants' motion for summary judgment
    (Doc. 49) is **GRANTED**. Judgment is hereby
    entered in favor of the defendants and
    against the plaintiff.

2.  Plaintiff's motion to request a trial date
    (Doc. 52) is **DISMISSED** as moot.

3.  The Clerk of Court shall CLOSE this case.

4.  Any appeal taken from this order will be
    deemed frivolous, without probable cause,
    and not taken in good faith.


                    s/Malcolm Muir
                    MUIR
                    United States District Judge